IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PEDIGO PRODUCTS, INC. and OR SPECIFIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KIMBERLY-CLARK WORLDWIDE, INC. and KIMBERLY-CLARK GLOBAL SALES, LLC, <br><br> Defendants. | CIVIL ACTION FILE NO.: |

## COMPLAINT

Plaintiffs Pedigo Products, Inc. ("Pedigo") and OR Specific ("OR-S"), for their complaint against defendant Kimberly-Clark Worldwide, Inc and Kimberly-Global Sales, LLC (collectively, "K-C"), allege as follows:

### I. NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. §271, *et seq*.

2. This action arises out the infringing activities of defendants K-C, in manufacturing, selling, offering for sale, and/or importing products that are covered by United States Patent No. 6,019,102 (the "'102 patent") assigned to

1

Pedigo Products, Inc., and/or K-C's activities inducing others in the United States to infringe, or contributing to the infringement in the United States of the '102 patent. A copy of the '102 patent is attached hereto as Exhibit A.

## II. PARTIES

3. Pedigo is a corporation organized under the laws of California and having a principal place of business in Vancouver, Washington.

4. OR-S is a corporation organized under the laws of Florida and having a principal place of business in Vancouver, Washington.

5. Kimberly-Clark Worldwide, Inc. is, on information and belief, a corporation organized under the laws of Delaware and having a principal place of business in Irving, Texas

6. Kimberly-Clark Global Sales, LLC is, on information and belief, a limited-liability corporation organized under the laws of Delaware and having a principal place of business in Neenah, Wisconsin.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over K-C because has operating facilities in Roswell, Georgia, and has committed acts of infringement (whether

direct, contributory, and/or by inducement) in, this judicial district and throughout the United States, importing, offering to sell, and selling infringing surgical drapes to customers in the State of Georgia.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or § 1400(b) because, on information and belief, K-C has operating facilities in Roswell, Georgia, and has committed acts of infringement (whether direct, contributory, and/or by inducement), and is causing injury to Pedigo, in this judicial district.

## IV.  PERTINENT FACTS

### A. The Business of Pedigo and OR-S

10. Pedigo is a family owned company, founded in 1947 by William R. Pedigo and his son Richard.  The father-son team began making three-legged stools for barbers and beauticians in the family's dirt-floored garage in Burbank, California.  In the early 1950's Pedigo formed a partnership with the developing UCLA Medical Center to develop stainless steel products for use in hospitals.  The company relocated the business to Vancouver, WA, where it has been since 1993.

11. Pedigo manufactures stainless steel and chrome equipment for the healthcare industry in its Vancouver, WA facility and sells its products to

hospitals and other healthcare providers throughout Washington, the United States, and the world. Pedigo's Vancouver facility employs over one hundred people.

12. One of Pedigo's leading products is the "Space Station," a multi-tiered surgical table designed to hold surgical equipment in operating rooms.

13. In order to protect patients from infection, each time an operating room is used an area free of micro-organisms, known as a sterile field, is created around the patient.

14. When a surgical table, such as the Space Station, is to be used in surgery, the table is covered with a single-use, sterile surgical drape, which creates an aseptic barrier between the non-sterile table and any instruments placed on the sterile surface of the drape.

15. Pedigo sells single-use, sterile surgical drapes specifically designed and manufactured to fit its Space Station table.

16. OR-S is a wholly owned subsidiary of Pedigo.

17. OR-S manufactures multi-tiered stainless steel equipment tables for use in operating rooms in the same Vancouver, WA facility as Pedigo.  OR-S sells its products to hospitals and other healthcare providers throughout Washington, the United States, and worldwide.

18. OR-S sells single use, sterile surgical drapes specifically designed and manufactured to fit its multi-tiered stainless steel equipment tables.

**B.    The '102 Patent**

19. On February 1, 2000, the United States Patent and Trademark Office issued the '102 patent, entitled *Drape for Multiple-Tiered Sterile Hospital Surface and Associate Methods*, to Dan L. Becker.  A true and correct copy of the '102 patent is attached hereto as Exhibit 1.

20. On September 9, 2008, Mr. Becker assigned all rights in the '102 patent to OR-S.

21. On information and belief, K-C imports, manufactures, offers to sell and/or sells drapes for multi-tiered surgical tables that infringe one or more claims of the '102 patent (the "infringing drapes").

22. Before filing the above-captioned suit, OR-S advised K-C that the surgical drapes K-C was selling infringed the '102 patent, and requested that K-C discontinue its sale of the infringing drapes.

23. K-C has not complied with OR-S's request to cease its infringing conduct, necessitating the filing of this lawsuit.

24. K-C's acts of infringement have been without express or implied license by OR-S, are in violation of OR-S's rights, and will continue unless enjoined by this Court.

## V.  INFRINGEMENT OF THE '102 PATENT

25. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 24 of this complaint as if fully set forth herein.

26. Defendants have infringed and continue to willfully infringe one or more claims of the '102 patent in violation of 35 U.S.C. § 271(a) through (c).

27. Specifically defendants have made, offered for sale and sold a "Two-Tier, Padded, Heavy-Duty Back Table Cover," model number 67501, which directly infringes at least claim 27 of the '102 patent.

28. Because of defendants' acts of infringement, plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury unless defendant is preliminary and permanently enjoined from continuing its unlawful infringing conduct.

29. As a result of defendants' willful infringement of the '102 patent, plaintiffs are entitled to an award of compensatory and exemplary damages in an amount to be determined at trial.  Plaintiffs are also entitled to attorney fees.

## VI.  JURY TRIAL DEMAND

30.  Plaintiffs hereby demand a trial by jury on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs requests that a judgment be granted in its favor as follows:

A.  That defendant K-C has infringed and continues to infringe one or more claims of the '102 patent in violation of 35 U.S.C. § 271(a) through (c);

B.  That defendant K-C and all related parties (as defined in Fed.R.Civ.P. 65(d)) are preliminarily and permanently enjoined from further infringement of the '102 patent pursuant to 35 U.S.C. § 283;

C.  That defendant K-C be ordered to account for and pay plaintiffs' actual and exemplary damages to compensate plaintiffs for defendant's acts of willful infringement pursuant to 35 U.S.C. § 284;

D.  That an order be entered directing the seizure and destruction of any infringing accused surgical drapes that have been imported into the United States;

E.  That this case be deemed exceptional and that plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and other applicable statutes; and

F.      That the Court grant such other and further relief as it may deem just and proper.

DATED: February 5, 2013

/s/ Jeffrey C. Morgan
Jeffrey C. Morgan
Georgia Bar No: 522667
Kara Cleary
Georgia Bar No: 100058
BARNES & THORNBURG LLP
Prominence in Buckhead
3475 Piedmont Road, N.E.
Suite 1700
Atlanta, Georgia, 30305
Tel. (404) 264-4015
Fax. (404) 264-3033
Email:
jeff.morgan@btlaw.com
kcleary@btlaw.com

Of Counsel:
Julianne R. Davis
WSBA No. 15180
(*Pro Hac Vice* to be filed)
LANE POWELL, P.C.
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338

ATTORNEYS FOR PLAINTIFFS
PEDIGO PRODUCTS, INC. and
OR SPECIFIC, INC.

**FONT CERTIFICATION**

I hereby certify that this document is presented in Times New Roman 14.

/s/ Jeffrey C. Morgan
Jeffrey C. Morgan